IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Virgilio and Jacqueline Virgilio, | ) | Civil Action No.: 4:09-cv-01053-RBH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PetSmart, Inc, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a premises liability case. The matter is now before the court with Defendant's [Docket Entry 74] Motion for Summary Judgment filed on December 20, 2010. After receiving an extension of time, Plaintiffs William and Jacqueline Virgilio (collectively "Plaintiffs") timely filed their [77] Response in Opposition to the summary judgment motion on January 14, 2011. For the reasons set out below, the court denies Defendant's Motion for Summary Judgment.[1]

## **Background and Procedural History**

According to the briefs, on August 11, 2006, Mr. William Virgilio was at the PetSmart store located at 1301 Oak Forest Lane, Myrtle Beach, South Carolina. Mr. Virgilio and his son had entered the store to look for an item for their dog. Prior to exiting the store, Mr. Virgilio stopped to look at a display table set up near the front of the store. According to Mr. Virgilio, the display included two tables, one of which was covered by a tablecloth. *See* Virgilio Depo. [Docket Entry 77-4] at 1. After his son asked him if he was ready to leave, Mr. Virgilio turned in an attempt to leave and his right foot struck a box located, at least partially, underneath the table covered with the

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary

tablecloth. *See id.* at 1, 5-7. Mr. Virgilio stated that the box "was protruding under the table from the table, but covered with the tablecloth." *Id.* at 2. Mr. Virgilio's foot never went under the table and remained in the aisle throughout the incident. *Id.* at 5-6. Mr. Virgilio's foot moved the box, but he did not fall as a result. *Id.* at 5. Mr. Virgilio's son then asked him what happened, and he stated that "[he] tripped on something, [he] d[idn't] know what it was and with that [he] turned around to look and [he] noticed that it was a box[.]" *Id.* at 7. Mr. Virgilio and his son left the store without alerting anyone as to what happened. After visiting a hospital on August 12, 2006, Mr. Virgilio went back to the PetSmart and reported the incident. *See* Incident Report [Docket Entry 77-1]. The Incident Report indicated the injury as follows: "right foot toe (significant bruising) minor swelling sore." *Id.*

On August 7, 2008, Plaintiffs, who are residents of New York, initiated this action by filing a complaint in the Supreme Court of the State of New York. *See* State Court Documents [Docket Entry 1] at 7. Defendant removed the action to the United States District Court for the Eastern District of New York on December 31, 2008. *See id.* at 1. On April 20, 2009, the New York federal court issued an order transferring the action to this court.

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.*, 477 U.S. at 322.

## Discussion

Plaintiffs allege that "it was the duty of Defendant . . . to maintain . . . [the] 'PetSmart' in a reasonably safe condition and good repair," and that "Defendant . . . was negligent and careless in the ownership, operation, control, management and maintenance of the . . . 'PetSmart'." State Court Documents [Docket Entry 1] at 15-16. Plaintiff Jacqueline Virgilio also alleges a loss of consortium claim directly related to the injuries sustained by Mr. Virgilio.

"A merchant is not an insurer of the safety of his customers but owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition." *Garvin v. Bi-Lo, Inc.*,

541 S.E.2d 831, 832 (S.C. 2001). "One who operates a mercantile establishment . . . must keep the aisles and passageways in a reasonably safe condition." *Moore v. Levitre*, 365 S.E.2d 730, 730 (S.C. 1988). "To recover damages for injuries caused by a dangerous or defective condition on a defendant's premises, a plaintiff 'must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it.'" *Pringle v. SLR, Inc., of Summerton*, 675 S.E.2d 783, 787 (S.C. Ct. App. 2009) (quoting *Anderson v. Racetrac Petro., Inc.*, 371 S.E.2d 530, 531 (S.C. 1988)).

Plaintiff has presented deposition excerpts from both PetSmart's manager at the time of the incident, Gavin Mitchell, and PetSmart's current manager, Christopher Pierce. Pierce testified that when vendors set up displays in his store he "make[s] sure that they are in a location that is not going to cause a trip hazard," and that normally the vendors can "set up in the drive [a]isle in between the two features. [The vendors] cannot be protruding into the [a]isle either way." Pierce Depo. [Docket Entry 77-3] at 5-6. Further, Pierce testified that he did not allow vendors to leave boxes, even if empty, on the floor because not only are they "unsightly," but it "is a trip hazard." *Id.* at 11. Similarly, Mitchell, when asked to describe a box protruding from underneath a vendor table, he responded that it was a "fire on the shelf." Mitchell Depo. [Docket Entry 77-2] at 10. Mitchell further defined the phrase "fire on the shelf," as follows:

> If it's a safety issue that can create a problem, that's a fire on the shelf. If it's a low pallet, something where you need two bags stocked to get it back up to a height, that's a caution. That needs to be done quick. A fire on the shelf is something where you set down what you're doing and you fix. And anything that's below a customer's knee is a fire on the shelf.
>
> . . . .

Because it's an easily trippable [sic] thing. You can easily trip on it.

*Id.* at 9-10.

Mr. Virgilio testified during his deposition that, while shopping inside the PetSmart, his foot came in contact with a box that was protruding from under a display table, but that was covered by a tablecloth. Further, Mr. Virgilio stated that his foot never went underneath the table, but remained in the store aisle throughout the incident. When Mr. Virgilio returned to the PetSmart to file an accident report the day after the incident, Mr. Virgilio stated that the PetSmart manager informed him that "the reason why they had covered the table on the [date of the incident] was because a dog peed on it and that is why they had a tablecloth over the table." Virgilio Depo. [Docket Entry 77-4] at 8-9. The Incident Report reflects that Mr. Virgilio's injury was to his "right foot toe." Incident Report.

Mindful of the summary judgment standard, and taking the evidence submitted by both parties in a light most favorable to Plaintiffs, the court concludes that genuine issues of material fact remain. At this stage, it is not the court's function to weigh the evidence, but rather to determine only "whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## Conclusion

Based on the foregoing, Defendant's [Docket Entry 74] Motion for Summary Judgment is **DENIED**. In light of this court's ruling, counsel are directed to contact each other to see if further mediation would be fruitful. Otherwise, counsel are reminded of the future upcoming deadlines under the existing Scheduling Order.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell  
                                                R. Bryan Harwell  
                                                United States District Judge

Florence, South Carolina  
January 28, 2011